**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALTIE GILL,
As Next Friend of JG, a Minor

    Plaintiff,                                          Case No. 14-10270

v.                                                    Hon. Lawrence P. Zatkoff

DETROIT PUBLIC SCHOOLS SYSTEM,
JOHN R. ACADEMIC AND PERFORMING
ARTS ACADEMY, MS. VANDERBILT,
MR. LEE AND VIVIAN HUGHES-NORDE,

    Defendants.
_____/

**ORDER REMANDING PLAINTIFF'S STATE-LAW CLAIMS**

Plaintiff filed a complaint on October 1, 2013, in Wayne County Circuit Court, alleging federal subject-matter jurisdiction on the basis of a federal question. Defendants removed the case to this Court on January 21, 2014. Plaintiff's Complaint alleges the following counts:

    Count I          Assault and Battery

    Count II         Intentional Infliction of Emotional Distress

    Count III        Gross Negligence

    Count IV       Negligent Infliction of Emotional Distress

    Count V        False Imprisonment

    Count VI       Breach of Statutory Duties under the Michigan Child Protection Act

    Count VII     Violation of 42 U.S.C. § 1983 against individuals

    Count VIII    Violation of 42 U.S.C. § 1983 against Defenadnt Vanderbilt: 14th Amendment Substantive Due Process School Corporal Punishment

    Count IX[1]     Violation of 42 U.S.C. § 1983: Supervisor Liability against Defendants Lee and Hughes-Norde

---

[1] The ninth count of Plaintiff's complaint is labeled "Count IV". The Court will assume Plaintiff intended to label this count as "Count IX", and will refer to this count as such throughout this order.

| | |
|---|---|
| Count X | Violation of 42 U.S.C. § 1983 against Defendant Detroit Public Schools District |
| Count XI | Violation of 42 U.S.C. § 1985(3): Conspiracy to Violate the Civil Rights of Plaintiff |

Federal district courts have original subject-matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331. The Court has subject-matter jurisdiction over Counts VII–XI, because they arise under federal law. 28 U.S.C. § 1331. Counts I–VI, however, appear to be based on state law. Although the Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are "compelling reasons for declining jurisdiction." *Id.* § 1367(c)(4).

The Court finds that Plaintiff's state-law claim raises novel and complex issues of state law that would be more appropriately adjudicated by the state court. *See id*. § 1367(c)(1). Additionally, the contemporaneous presentation of Plaintiff's parallel state claim for relief will result in undue confusion of the jury. *See* 28 U.S.C. § 1367(c)(4); *see also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim in this matter.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's state-law claims (Counts I–VI ) are REMANDED to Wayne County Circuit Court. The Court retains jurisdiction over Plaintiff's remaining claims (Counts VII – XI).

IT IS SO ORDERED.

Date: May 8, 2014

                                                    s/Lawrence P. Zatkoff
                                                  HON. LAWRENCE P. ZATKOFF
                                                  U.S. DISTRICT COURT JUDGE